Ralph W. **BIXLER**, Plaintiff,

v.

**EAGLESTAR INSURANCE COMPANY et al, Defendants.**

Civ. No. 79–2599.

United States District Court, D. Puerto Rico.

April 20, 1981.

Charles A. Cordero, Old San Juan, P. R., for plaintiff.

Tomás Céspedes, San Juan, P. R., for defendants.

**DECISION AND ORDER**

TORRUELLA, District Judge.

The present diversity action is before the Court on the Motions of Codefendant Eagle State Insurance Company, Ltd. of London for Summary Judgment pursuant to Rule 56, F.R.C.P., and Plaintiff's opposition thereto.

Stated briefly, Plaintiff alleges in its amended complaint that the Defendants acting through their authorized agent, American Foreign Underwriters Corp., caused a change of insurance carrier by placing that insurance coverage for Great Caribbean Investment Inc. with one or both of the Defendant insurers who then issued their own insurance policy and as a result caused Plaintiff's services as an insurance broker to be discontinued.

Plaintiff's action is based on 26 L.P.R.A. § 940 of the Insurance Code of Puerto Rico which provides in pertinent part:

> "If an insurance policy originally written through a particular agent or broker is cancelled by and rewritten for the same insured through another agent or broker, whether or not written in the same insurer and whether or not written for the same term, the *new agent or broker* shall be liable to the originating agent or broker for the amount of any unearned commission charged against or refunded by such originating agent or broker on account of such cancellation." (Emphasis ours).

Codefendant's Motion for Summary Judgment is premised on the contention that it is an insurance company and not an agent or a broker under 26 L.P.R.A. § 940.

The Court will grant a Motion for Summary Judgment if "there is no genuine issue to any material fact and the moving party is entitled to a judgment as a matter of law." Rule 56, FRCP, *Maiorana v. MacDonald*, 596 F.2d 1072 (C.A. 1, 1979); *Hahn v. Sargent*, 523 F.2d 461 (C.A. 1, 1975).

Both the statute and the definitions of "agent" and "broker" differentiate between the insurer and the agent or broker.

"Agent" as defined by 26 L.P.R.A. § 901, "is an individual, firm, or corporation *appointed by an insurer* to solicit applications for insurance or negotiate insurance on its behalf, *and if authorized so to do by the insurer,* to effectuate and countersign insurance contracts." (Emphasis ours).

"Broker" is an individual, firm or corporation who for compensation as an independent contractor, in any manner solicits, negotiates, or procures insurance or the renewal or continuance thereof, on behalf of insureds or prospective insured other than himself, and not on behalf of an insurer or agent." 26 L.P.R.A. § 902.

In addition, a careful reading of 26 L.P.R.A. § 940 shows that certain liabilities are created as to brokers and agents when an original insurance policy is changed, but no mention is made of any liability on the part of the insurance company itself.

Plaintiff also attempts to establish a vicarious tort liability under 31 L.P.R.A. § 5142, which provides for the transference of liability to the employer or principal for an act or omission caused through the fault or negligence of the employee or agent. Clearly this defense offers no help to Plaintiff inasmuch as no tortious act on the part of Defendant has been alleged.

We find the law to be clear. It is the "new agent or broker" who shall be liable to the originating agent or broker and not the insurance company, in this case, Defendant Eagle State Insurance Company Ltd. of London.

In view of the foregoing, Defendants' Motion for Summary Judgment is hereby GRANTED. The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.